# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TERRY KUEHNER,** : | |
| Petitioner : | |
| : | **CIVIL ACTION NO. 3:15-0800** |
| v. : | |
| : | **(Judge Mannion)** |
| **COM. OF PENNSYLVANIA,** *et al.,* : | |
| Respondents : | |

## MEMORANDUM

On April 20, 2015,[1] petitioner, Terry Kuehner, an inmate confined in the State Correctional Institution at Hunlock Creek, Pennsylvania ("PA"), filed another petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). He attached exhibits to his petition. Petitioner again attacks his October 2, 2008 judgment of sentence imposed by the Court of Common Pleas for Carbon County, PA, criminal case number CP-13-CR-0000691-2005.[2] On May 26, 2015, petitioner completed and filed a *Miller/Mason* Notice of Election indicating that he labeled his petition as one under §2254, and that he chose to have the court rule on it as filed. (Doc. 6). *See* United States v. Miller, 197 F.3d 644 (3d Cir. 1999); Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000). On

---

1. Since the habeas petition was signed by petitioner on April 20, 2015, under the prison mailbox rule, the court construes the petition as being filed on that date. *See* Bond v. Visionquest, 410 Fed.Appx. 510 (3d Cir. 2011).

2. Kuehner's prior habeas petition challenging his October 2, 2008 Carbon County judgment of sentence was filed on June 24, 2013, and its was dismissed by this court as untimely on December 2, 2013. Civil No. 13-1375, M.D.Pa.

August 31, 2015, petitioner filed a memorandum in support of his petition with additional exhibits. (Doc. 13, Doc. 13-1).

After a show cause order was issued, (Doc. 8), an extension of time was granted respondent Carbon County District Attorney to file a response to the habeas petition. However, respondent inadvertently filed the response in a closed prior habeas case of Kuehner, Civil No. 13-1735, M.D.Pa. On January 29, 2016, the court granted respondent's motion, (Doc. 14), to transfer his response to the proper docket number and accept it as timely filed. (Doc. 15). On February 8, 2016, Kuehner filed objections to the court's January 29, 2016, order claiming he was not served with respondent's Doc. 14 motion and Doc. 16 response. (Doc. 17). On February 10, 2016, the court directed respondent to serve Kuehner with its stated motion and response. (Doc. 18). The court also permitted Kuehner to file a traverse within 14 days after he was served with respondent's response. Kuehner was then served with both documents. (Doc. 19). On March 2, 2016, Kuehner filed a response styled as a "Motion of Traverse" in support of his objections to respondent's motion to transfer his response to the proper docket number and for the court to accept it as timely filed. (Doc. 21). Kuehner attached exhibits to his response.

To the extent Kuehner seeks the court to reconsider its January 29, 2016, order claiming that his due process rights were violated and requests that the court dismiss respondent's response to his habeas petition and order his immediate release from prison, his request is **DENIED**. There was no

2

undue delay caused when respondent inadvertently filed his response in Kuehner's prior habeas case, Civil No. 13-1735, and there was no prejudice to Kuehner in allowing respondent to file his response in the proper case after the fact.

Kuehner's habeas petition will again be dismissed as untimely, and he has failed to show that he is entitled to equitable tolling.

**I.     Background**

This court largely repeats the detailed procedural background of Kuehner's relevant criminal case as stated in its December 2, 2013 Memorandum dismissing his prior habeas case (Civil No. 13-1735) as untimely. The events which transpired after the court's prior memorandum are also discussed.

The following background has been extracted from the Pennsylvania Superior Court's October 22, 2012, Memorandum vacating the trial court's decision denying Kuehner's petition for writ of habeas corpus and remanding for the appointment of counsel. Commonwealth of PA v. Kuehner, No. 524 EDA 2012, Superior Court Opinion. (*See* Doc. 1, at 45).[3]

> On October 2, 2008, Terry Kuehner ("Appellant") entered into a guilty plea to counts 2 and 5 of the

---

3. Unless otherwise noted, the docket numbers refer to Kuehner's instant habeas petition challenging his October 2, 2008 Carbon County judgment of sentence, Civil No.15-0800, M.D.Pa.

3

>information, which were aggravated assault (F2) and simple assault charges (M2) respectively.[4] As part of his guilty plea, Appellant was sentenced to a term of imprisonment [of] not less than eighteen (18) months nor more than ten (10) years on the aggravated assault charge and to an imprisonment term of not less than six (6) months nor more than twelve (12) months on the simple assault charge. As the signed stipulation stated, the sentence for the simple assault was to run consecutive to the sentence of the aggravated assault charge.

Trial Court Opinion (T.C.O.), 5/23/12, at 1-2.

Appellant did not file a direct appeal. On August 15, 2011, Appellant filed a *pro se* petition for writ of habeas corpus in which Appellant alleged violations of the plea agreement. Appellant alleged that his sentences should have been run concurrently rather than consecutively. In furtherance of this claim, Appellant alleged in the petition (and now alleges on appeal from the denial of the petition) numerous theories by which he seeks to obtain relief. Appellant claims the consecutive sentencing scheme was the result of violations of due process, ineffective assistance of counsel, and breach of contract.

The trial court [on January 3, 2012] dismissed Appellant's petition for writ of habeas corpus for want of subject matter jurisdiction. The Commonwealth argues that because the writ of habeas corpus has been largely subsumed by the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§9541-9546, Appellant's petition for writ of habeas corpus should be treated as an untimely PCRA petition. We agree.

In its October 22, 2012 Memorandum, the Superior Court treated Kuehner's petition for writ of habeas corpus as an untimely PCRA petition, and remanded the case to the Court of Common Pleas of Carbon County for

---

4. *See* 18 Pa.C.S.A. §§2701(a)(1), (4). Commonwealth of PA v. Kuehner, CP-13-CR-0000691-2005.

4

the appointment of counsel. Relying on the holding in Commonwealth v. Stout, 978 A.2d 984, 988 (Pa.Super. 2009), the Superior Court found that "regardless of whether a petitioner has filed a PCRA petition that is untimely on its face, or whether such a petition is mischaracterized as a writ of habeas corpus or some other alternative form of relief, Pa.R.Crim.P. 904(B) requires that an indigent petitioner seeking collateral relief for the first time following a conviction is entitled to the appointment of counsel. *Stout.*" The Superior Court then remanded Kuehner's case to the trial court for appointment of PCRA counsel.[5]

Upon remand, attorney Joseph V. Sebelin, Jr., was appointed as counsel to represent Kuehner on February 19, 2013, and was provided forty-five (45) days within which to review Kuehner's filings, including the timeliness of Kuehner's challenge to his October 2, 2008 sentencing, and either seek to withdraw, after filing a "no-merit' letter, or file an amended PCRA petition raising those claims deemed meritorious by counsel. On August 6, 2013, Sebelin filed a motion to withdraw as counsel. (Doc. 16 at 46). On August 13, 2013, the Carbon County Court (*i.e*., trial court) denied the motion since counsel failed to file a "No Merit Letter." (Doc. 1 at 8).

As noted above, Kuehner filed a habeas petition in federal court challenging his October 2, 2008 judgment of sentence on June 24, 2013, and

---

5. Respondent attached a copy of Kuehner's Carbon County Docket in criminal case number CP-13-CR-0000691-2005 to his response. (Doc. 16).

its was dismissed as untimely by this court on December 2, 2013. Civil No. 13-1375, M.D.Pa.

On August 26, 2013, Sebelin filed an amended motion to withdraw alleging Kuehner refused to communicate with him and because he found Kuehner's petition lacked merit. Sebelin also included a "No Merit Letter" in which he concluded that Kuehner's habeas petition treated as a PCRA petition was untimely and failed to raise any meritorious claims. On December 3, 2013, the court issued a Notice of Intention to Dismiss Kuehner's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 since it was untimely. Kuehner was afforded an opportunity to respond to the notice and he filed a response on December 20, 2013. On December 31, 2013, the court dismissed Kuehner's PCRA petition as untimely and allowed Sebelin to withdraw as counsel. Kuehner then filed an appeal to the Superior Court. (Doc. 1 at 9). On November 5, 2014, the Superior Court affirmed the trial court's order dismissing Kuehner's PCRA petition as untimely.

Kuehner then filed with the Superior Court a "Petition for Appealibility (sic) to the Supreme Court for Want of Jurisdiction of a Writ of Habeas Corpus and Writ of Error." On December 10, 2014, the Superior Court determined that Kuehner intended to file a petition for allowance of appeal in the PA Supreme Court. Thus, the Superior Court transferred the petition to the PA Supreme Court. (Doc. 1 at 31). On April 15, 2015, the PA Supreme Court denied the petition for allowance of appeal.

On April 20, 2015, Kuehner then filed the instant habeas petition with this court under §2254 challenging his October 2, 2008 judgment of sentence insofar as the court imposed a sentence on the simple assault charge (case no. 691-CR-2005) to run consecutive to a prior sentence he received in January 2006 in Carbon County after being convicted of three counts of aggravated assault (case no. CP-13-CR-0000637-2004).[6] (Doc. 1 at 32). In his case no. 637-CR-2004, Kuehner was sentenced to an aggregate term of imprisonment of not less than 18 months and not more than 10 years. In his case no. 691-CR-2005, Kuehner was sentenced to a term of imprisonment of not less than 6 months and not more than 12 months to run consecutively to his sentence in his case no. 637-CR-2004. The trial court stated that Kuehner's sentence in case no. 691-CR-2005 was in accordance with a plea agreement executed by both Kuehner and his counsel. (Doc. 1 at 33).

In his present habeas petition, Kuehner requests this court to vacate his October 2008 sentence and to order the trial court to re-sentence him so that his sentence on the simple assault charge runs concurrent to his sentence on the aggravated assault charges in his earlier case. He basically claims that the running of his October 2008 sentence consecutive to his 2006 sentence violated his due process rights, was a breach of his plea agreement, and was the result of ineffective assistance of trial counsel. He claims, without support,

---

6. The court reviewed both of Kuehner's Carbon County Court dockets at https://ujsportal.pacourts.us/DocketSheets/CP.aspx.

that newly discovered evidence renders his habeas petition as timely. Respondent contends that the habeas petition is untimely under the AEDPA's one-year limitations period. The court agrees it is untimely.

**II.   Discussion**

This court has jurisdiction over this case under 28 U.S.C. §2254(a).

Kuehner's judgment of sentence became final on November 1, 2008, 30 days after he could have filed a direct appeal of his October 2, 2008 judgment of sentence and he filed his instant habeas petition after the effective date of the AEDPA. Thus, his habeas petition is governed by the AEDPA's one year statute of limitations. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); *see generally*, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of §2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. *See* Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. *See* Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural

9

requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction collateral petition. Stokes v. Dist. Attorney of Phila., 247 F.3d 539, 542 (3d Cir. 2001). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. *See* Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003). In *Merritt*, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." Id. (internal citations and quotations omitted).

**A.** *Statutory Tolling*

In this case, since Kuehner did not file a direct appeal after his October

2, 2008 judgment of sentence was imposed, his conviction became final 30 days later on November 1, 2008. Kuehner did not file any appeal regarding his judgment of sentence until almost three years later when he filed his petition for writ of habeas corpus, construed as a PCRA petition, with the trial court on August 15, 2011. In this petition, Kuehner claimed that the running of his October 2008 sentence consecutive to his earlier conviction violated his due process rights, was a breach of his plea agreement and was as a result of ineffective assistance of trial counsel. This petition was ultimately dismissed as untimely and none of the exceptions to timeliness were found to have applied by the state courts. *See* 42 Pa.C.S.A. §9545(b).

The clock for filing a federal habeas petition began running on November 2, 2008, and Kuehner then had one year to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). No doubt that Kuehner's one-year limitation period expired on November 2, 2009, since he did not have any properly filed appeals pending in the state courts during this time. *See* Almazan v. Commonwealth of PA, 80 F.Supp.3d 602, 605 (E.D.Pa. 2015). Thus, Kuehner's subsequent PCRA petition which was dismissed by the state court as untimely did not subject his limitations period to statutory tolling. Kuehner does not appear to dispute that his habeas petition is untimely but he claims that equitable tolling should extend the limitations period in his case. As such, his petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed

11

as untimely, unless the statute of limitations is subject to equitable tolling.

### B. *Equitable Tolling*

The court must now examine whether the AEDPA statute of limitations should be equitably tolled to consider Kuehner's petition timely filed. Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826, 124 S.Ct. 48, 157 L.Ed.2d 49 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617–618 (3d Cir.1998). The limitation period may be tolled when the principles of equity would make the rigid application of a limitation period unfair. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)("Now, like all 11 Courts of Appeals that have considered the question, we hold that §2254(d) is subject to equitable tolling in appropriate cases."); Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir.2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir.1999).

To be entitled to equitable tolling, [petitioner] must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace, 544 U.S. at 418); Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079 (2007) (quoting id.). Both elements must be established before equitable tolling is permitted. Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (citation omitted). Courts must be sparing in their use of equitable tolling. Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir.1999). In fact, the United States Court of Appeals for the Third Circuit

has held that equitable tolling is proper "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

In Jones, 195 F.3d at 159, the Third Circuit stated that equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." (citations omitted).

Kuehner states that he is entitled to equitable tolling with respect to his claim that his 2008 sentence on the simple assault charge (second degree misdemeanor) should have run concurrently with his 2006 sentence on his aggravated assault conviction (second degree felony) instead of consecutively. Kuehner contends that the trial court's October 2, 2008 sentence on his plea to the simple assault charge which "added a mandated linked consecutive sentence of a [24-month minium sentence from his prior felony aggravated assault sentence] modifie[d] the structure of the 6 to 12 months [sentence]" he received on the simple assault charge and unlawfully modified his sentence on the simple assault charge. Kuehner explains that the state courts violated his due process rights by denying his PCRA petition as untimely since he had an exception to the time requirement based on his illegal sentence. He also states that he can prove governmental interference and a "pattern of events by the lower court judges" in both of his Carbon

13

County cases. He further states that his October 2008 sentence violated double jeopardy since the only charge to which he pled in that case was simple assault and all of the other charges were "nol/void", and since he was sentenced based on his felony aggravated assault conviction in his prior case.

Kuehner has failed to show any extraordinary circumstances and that he was reasonably diligent in acting once he discovered his claim. He has not shown that "in some extraordinary way" he was prevented from asserting his rights. Kuehner has not shown any governmental interference nor has he shown any improper conduct by the state courts. In fact, this court found that Kuehner was not entitled to equitable tolling with respect to his prior habeas corpus petition he filed in June 2013, Civil No. 13-1735, M.D.Pa., in which he raised similar contentions as he raises in his present petition. As such, his prior petition was dismissed an untimely.

In Pabon v. Mahanoy, 654 F.3d 385, 401 (3d Cir. 2011), the Third Circuit stated that the relevant question "is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." In Almazan, 80 F.Supp.3d at 608, the court stated that "an equitable tolling inquiry has two prongs—extraordinary circumstances and reasonable diligence—and both must be satisfied." *See also* Sistrunk, 674 F.3d at 190 ('[Petitioner] needed to show both diligence and extraordinary circumstances to succeed on his equitable tolling argument.") Thus, in order to establish that

he is entitled to equitable tolling, a petitioner must allege enough facts to satisfy the extraordinary circumstances prong and "he must also show that he was reasonably diligent in bringing his claims." Almazan, 80 F.Supp.3d at 608.

The facts of this case do not constitute the Third Circuit's "high standard" for extraordinary circumstances for purposes of equitable tolling of the AEDPA's one-year deadline. *See* Sistrunk, 674 F.3d at 190. In determining whether extraordinary circumstances exist to warrant the application of equitable tolling, this court must also examine petitioner's due diligence in pursuing the matter under the specific circumstances he faced. Traub v. Folio, No. 04–386, 2004 WL 2252115, at *2 (E.D. Pa. Oct.5, 2004) (citing Schleuter v. Varner, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief). It is petitioner's burden to show both that he acted with reasonable diligence and that extraordinary circumstances caused his petition to be untimely. Id.

Further, Kuehner "has not shown enough to satisfy the reasonable diligence prong of the equitable tolling test, his claims are not subject to equitable tolling." Almazan, 80 F.Supp.3d at 609; *see also* Sistrunk, 674 F.3d at 190. Accordingly, the petition is time-barred and will be dismissed.

15

**III.    Certificate of Appealability**

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

**IV.    Conclusion**

In light of the foregoing, the petition for writ of habeas corpus, (Doc. 1), will be **DISMISSED** as untimely, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: April 20, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0800-01.wpd